CERTAIN UNDERWRITERS AT LLOYDS, LONDON Who Are Members of Lloyd's Syndicates Numbered 658, 483, 741, 687, 79, 872, 535, 552, 123, 114, 741, 209, 1023, 309, 872 and 500, et al., Plaintiffs,

v.

ORYX ENERGY COMPANY, Defendant.

Civil Action No. G–96–306.

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 29, 1998.

James Richard Watkins, Royston Rayzor et al, Galveston, TX, Bradley A. Jackson, Royston Rayzor Vickery & Williams, Houston, TX, Edward D. Vickery, Royston Rayzor Vickery & Williams, Houston, TX, for plaintiffs.

Jim E. Cowles, B. Michael Bennett, Cowles and Thompson, Dallas, TX, defendant.

### ORDER GRANTING ORYX ENERGY COMPANY'S APPLICATION FOR COSTS ON APPEAL

KENT, District Judge.

Now before the Court is Defendant Oryx Energy Company's Application for Costs on

---

Appeal, filed August 17, 1998. For the reasons stated below, the Application is **GRANTED**. It is therefore **ORDERED** that Plaintiffs pay $77,075.00, the cost of Defendant's supersedeas bond premium, to Defendant Oryx Energy Company as costs of appeal.

The United States Court of Appeals for the Fifth Circuit reversed this Court's judgment in this case with respect to Plaintiffs' liability for compensatory damages. The Fifth Circuit remanded the case to this Court for further proceedings; specifically, the Court must determine how much of the judgment awarded by this Court was allocable to compensatory damages and how much was allocable to punitive damages. Thus, as Plaintiffs correctly point out in their Opposition to Oryx Energy Company's Application for Costs on Appeal, the Fifth Circuit's decision has not produced closure in this case but instead requires further proceedings in this Court.

■ In accord with the Plaintiffs' request, the Court's initial inclination was to postpone any award of supersedeas bond premiums until all the issues in the case were properly and fairly resolved in further proceedings. Plaintiffs validly assert that the Court's entire judgment was not reversed, but only that part regarding compensatory damages; thus, some division of Defendant's supersedeas bond premium would seem just.

■ Defendant correctly notes, however, that Federal Rule of Appellate Procedure 39 and binding Fifth Circuit precedent control this issue. Rule 39(a) provides:

> [I]f a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

Furthermore, Rule 39(e) provides that the cost of supersedeas bond premiums is among the costs on appeal taxable in the District Court. Plaintiffs argue that the Fifth Circuit's reversal in this case is more analogous to an affirmance in part and reversal in part,

thus giving this Court discretion under Rule 39 in taxing costs. However, the Fifth Circuit's holding in *In re Sioux Ltd., Securities Litig.*, 1991 WL 182578 (5th Cir.1991) (per curiam) (unpublished)[1], makes this argument irrelevant. In *In re Sioux Ltd., Securities Litig.* 1991 WL 182578 at *1, the Fifth Circuit held that where a judgment was vacated and appellees were ordered to pay appellants the costs on appeal "to be taxed by the Clerk of [the Court of Appeals]," appellants were automatically entitled to costs of their supersedeas bond premium under Rule 39(e). Appellees argued that the language referring to the Court of Appeals clerk limited the taxable costs to those taxable in the Court of Appeals. The Fifth Circuit specifically rejected that argument and held that "absent some limiting provision in the mandate from the court of appeals, the party entitled to costs in the court of appeals is entitled to costs in the district court under Rule 39(e)." The district court has no discretion regarding whether, when, to what extent, or to which party to award costs of the appeal." *Id.* at *1. If in fact the Fifth Circuit's judgment in this case is not a complete reversal, then under Rule 39(a), this Court would have discretion in taxing costs *only* if the Fifth Circuit did not specifically order costs on appeal taxable to one party. That is not the case, as the Fifth Circuit specifically ordered that costs on appeal be taxed against Lloyd's London.

In accord with Fifth Circuit precedent, Plaintiffs are hereby **ORDERED** to pay to Defendant Oryx Energy Company as costs of appeal $77,075.00, the cost of Defendant's supersedeas bond premium.

**IT IS SO ORDERED.**

---

**1.** Under Fifth Circuit Local Rule 47.5.3, unpublished opinions of the Fifth Circuit issued before January 1, 1996 have full precedential value.